UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES J. FREEMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-049 |
| | ) | |
| SAM ZANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has filed what he captions "In re Habeas Corpus Hearing." Doc. 1. It is unclear what he seeks through this filing. A subsequent Motion for Summary Judgment muddies the waters even further. Doc. 3. Plaintiff is **DIRECTED** to clarify the nature of this case by filing a habeas corpus petition and/or a civil complaint, according to the specific instructions below, within 14 days of this Order. Plaintiff is warned that failure to clarify may result in a recommendation that the present pleading be dismissed.

Plaintiff's initial filing explains that he filed a state habeas action in November 2015 that has yet to ruled upon. *Id*. at 1–2. In October 2020, he sent a letter to the Middle District of Georgia that that purported to

initiate a lawsuit related to the handling of this habeas petition.[1]  *Id*.  In response to the letter, the Middle District of Georgia, provided plaintiff with the form for filing a civil rights complaint under 42 U.S.C. § 1983 and directed him to file his complaint with this district.[2]  *Id*. at 2.  Plaintiff's initial filing does not specifically request any type of relief; however, his motion for summary judgment seeks both release from confinement and $120,000,000 in monetary damages.  *See generally* doc. 1; doc. 3 at 4–6.

The Court is uncertain whether plaintiff is seeking habeas relief pursuant to 28 U.S.C. § 2254 or monetary relief under 42 U.S.C. § 1983.  This distinction is significant for a variety of reasons.  The most immediate concern is that it might impact the jurisdiction of the Court to consider the case.  Petitions for habeas relief under § 2254 may be brought in either the district in which the petitioner is incarcerated or the district in which he was convicted and sentenced.  28 U.S.C. § 2251(d).  Section 1983 claims, alternatively, as subject to the normal venue requirements for civil cases

---

[1] Plaintiff notes that the Middle District of Georgia stamped his letter as received, rather than filed.  Doc. 1 at 1–2.  Presumably this designation was given because the Middle District of Georgia did not open a case in which to file the letter.

[2] A search of the Court's docket does not reflect that plaintiff has filed § 1983 action with this Court; however, it does appear that he has recently filed a habeas petition based on the same underlying facts as this case.  *See Freeman v. Powell*, CV4:20-301, doc. 1 (S.D. Ga. Dec. 2, 2020).

and must be brought in either the home district of the defendant or the district in which a substantial part of the precipitating events occurred. 28 U.S.C. § 1391(b).

The nature of plaintiff's claim is also relevant as § 2254 petitions and § 1983 claims are subject to different filling fees and filing restrictions. 28 U.S.C. § 1914 (establishing the filing fee for civil matters as $350 and applications for writs of habeas corpus as $5.) Petitioners may only bring one habeas action under § 2254 before they are required to seek permission from the Eleventh Circuit to file a successive action. 28 U.S.C. § 2244(b)(3)(A). Such claims also require exhaustion of all state avenues of relief before a federal action is initiated. 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[] the remedies available in the courts of the State" before seeking federal relief). Prisoners filing civil rights claims under § 1983, on the other hand, are subject to the restrictions of the Prison Litigation Reform Act (PLRA), which limits a prisoner's ability to pursue non-meritorious claims while proceeding *in forma pauperis*. 28 U.S.C. § 1915(g).

Of particular relevance to plaintiff is that monetary damages may not be awarded through a habeas action. *Preiser v. Rodriguez*, 411 U.S.

475, 494 (1973) (the only available remedy through a habeas action is "immediate or more speedy release."). Alternatively, a § 1983 claim can result in monetary damages and declarator relief; however, it cannot grant release from incarceration. *See Abella v. Rubino*, 63 F.3d 1063, 1066 n. 4 (11th Cir. 1995) ("[I]njunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or Bivens actions.") Furthermore, plaintiff cannot seek to overturn his conviction through a § 1983 claim. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then a § 1983 claim must be dismissed unless the plaintiff can show his conviction has already been invalidated.).

A final point of distinction between the two varieties of claims is that they are subject to different statutes of limitations. A § 2254 action must be filed within one year of the underlying conviction becoming final or an impediment to filing being removed.[3] 28 U.S.C. § 2244(d)(1). The clock is stopped only by the pendency of a properly filed state direct appeal or

---

[3] The statute may be triggered by other events that do not seem relevant to his case. *See* 28 U.S.C. § 2244(d)(2)-(4).

collateral review proceeding, 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013), and thus it continues to tick during any period when no such appeal or habeas proceeding is in play. *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014). Section 1983 claims are subject to a longer statute of limitations and, in Georgia, must be filed within two years of the underlying cause of action. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts."); O.C.G.A. § 9-3-33 (establishing the statute of limitations for personal injury claims under Georgia law as two years).

For these reasons, the plaintiff must clarify the nature of his claim before the Court can take any action toward its resolution. Therefore, the Clerk of Court is **DIRECTED** to include with this Order copies of the *Petition for Relief From a Conviction or Sentence by a Person in State Custody* (AO 241), the *Complaint for Violation of Civil Rights (Prisoner)* (Pro Se 14), and the *Application to Proceed in District Court Without Prepaying Fees or Costs* (AO 240). If plaintiff intends to seek habeas relief, he must complete and return the *Petition for Relief From a Conviction or Sentence by a Person in State Custody*. Alternatively, if he intends to

pursue a civil claim, he must complete and return the *Complaint for Violation of Civil Rights (Prisoner)*. Any new civil complaint must also be accompanied by a new application to proceed *in forma pauperis*, as it will be administered separately from the instant habeas case. If he intends to seek both habeas relief and civil relief, he must complete and return both forms. The plaintiff is **DIRECTED** to make his election and return the relevant form within 14 days of this Order.

**SO ORDERED**, this 9th day of March, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA